David TeSelle (#032057)
Joshua B. Abromovitz (#038401)
**BURG SIMPSON**
**ELDREDGE HERSH & JARDINE, P.C.**
2390 East Camelback Rd., Suite 403
Phoenix, Arizona 85016
Phone: (602) 777-7000
Fax: (602) 777-7008
azcourt@burgsimpson.com

# IN THE UNITED DISTRICT COURT DISTRICT OF ARIZONA

## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| Mark William Kelly,<br><br>        Plaintiff,<br><br>v.<br><br>Pima County Sheriff's Department, Deputy Gina M. Lumia (Badge #7532), Supervisor Guy A. Marchal (Badge #5804), and James Hinkle, Desert Earth Contracting LLC., Richmond American Construction Inc.<br><br>        Defendants. | Case No. CV-24-00001-TUC-CH(PSOT)<br><br>**RICHMOND AMERICAN CONSTRUCTION INC'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>(Assigned to the Honorable Diane J. Humetewa) |

Defendant Richmond American Construction Inc. ("Richmond") without waiving the below-listed Affirmative Defenses, Answers Plaintiff's Second Amended Complaint as follows:

**JURISDICTION AND VENUE**

1. Paragraph 1 contains jurisdictional allegations which require no response. To the extent that an answer may be required to the jurisdictional allegations, they are denied.

2. Paragraph 2 contains venue allegations which require no response. To the extent that an answer may be required to the venue allegations, venue is proper in this Court if this Court has jurisdiction of the case.

**RELEVANT U.S. CODES PERTAINING TO CIVIL RIGHT VIOLATIONS:**

1. Richmond realleges and incorporates by reference all preceding paragraphs of this answer, as though expressly and fully set forth herein.

2. Paragraph 1 under this heading does not contain an allegation and therefore requires no response. To the extent Paragraph 1 can be construed as an allegation, Richmond denies that any violation implicating 42 U.S. Code § 1983 took place.

3. Paragraph 2 under this heading does not contain an allegation and therefore requires no response. To the extent Paragraph 2 can be construed as an allegation, Richmond denies that any violation implicating 42 U.S. Code § 1985 took place.

4. Paragraph 3 under this heading does not contain an allegation and therefore requires no response. To the extent Paragraph 3 can be construed as an allegation, Richmond denies that any violation implicating 18 U.S. Code § 241 took place.

5. Paragraph 4 under this heading does not contain an allegation and therefore requires no response. To the extent Paragraph 4 can be construed as an allegation, Richmond denies that any violation implicating 18 U.S. Code § 242 took place.

6. Paragraph 5 under this heading does not contain an allegation and therefore requires no response. To the extent Paragraph 5 can be construed as an allegation, Richmond denies that any violation implicating the 14th Amendment to the United States Constitution took place.

**NATURE OF ACTION AND FACTUAL ALLEGATIONS:**

**Richmond American Const Inc. and Desert Earth Contracting LLC:**

1. Richmond realleges and incorporates by reference all preceding paragraphs of this answer, as though expressly and fully set forth herein.

2. In response to Paragraph 1 under this heading, Richmond admits that "No Trespassing" signs were placed. The remainder of Paragraph 1 contains legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent a response may be required, they are denied.

3. Paragraph 2 under this heading contains legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent a response may be required, they are denied.

4. The allegations contained in Paragraph 3 are not directed at Richmond and therefore do not require a response. To the extent a response is required, Richmond is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

5. In response to Paragraph 4 under this heading, Richmond admits that "No Trespassing" signs were placed. The remainder of Paragraph 4 contains legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent a response may be required, any remaining allegations directed at Richmond are denied.

**FALSE ACCUSATIONS TO THE SHERIFF'S DEPARTMENT**

1. Richmond realleges and incorporates by reference all preceding paragraphs of this answer, as though expressly and fully set forth herein.

2. Paragraph 1 under this heading contains legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent a response may be required, any allegations directed at Richmond are denied.

3. The allegations contained in Paragraph 2 are not directed at Richmond and therefore

do not require a response. To the extent a response is required, Richmond is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

4. The allegations contained in Paragraph 3 are not directed at Richmond and therefore do not require a response. To the extent a response is required, Richmond is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

### LAW ENFORCEMENT RESPONSE

1. Richmond realleges and incorporates by reference all preceding paragraphs of this answer, as though expressly and fully set forth herein.

2. The allegations contained in Paragraph 1 under this heading are not directed at Richmond and therefore do not require a response. To the extent a response is required, Richmond is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

3. The allegations contained in Paragraph 2 under this heading are not directed at Richmond and therefore do not require a response. To the extent a response is required, Richmond is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

### VIOLATION OF CONSTITUTIONAL RIGHTS

Richmond realleges and incorporates by reference all preceding paragraphs of this answer, as though expressly and fully set forth herein. The unnumbered allegations made directly under this heading contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent a response may be required, any allegations directed at Richmond are denied.

1. Paragraph 1 under this heading contains legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent a response may be required, any allegations directed at Richmond are denied.

2. Paragraph 2 under this heading contains legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent a response may be required, any allegations directed at Richmond are denied.

3. Paragraph 3 under this heading contains legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent a response may be required, any allegations directed at Richmond are denied.

4. The allegations contained in Paragraph 4 under this heading are not directed at Richmond therefore do not require a response. To the extent a response is required, Richmond is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

5. The allegations contained in Paragraph 5 under this heading are not directed at Richmond therefore do not require a response. To the extent a response is required, Richmond is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

6. In response to Paragraph 6 under this heading, Richmond admits it was aware of Plaintiff, his presence and his previous complaints. The remaining allegations contain legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent a response may be required, any allegations directed at Richmond are denied.

7. The allegations contained in Paragraph 7 under this heading are not directed at Richmond therefore do not require a response. To the extent a response is required, Richmond is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

8. The allegations contained in Paragraph 8 under this heading are not directed at Richmond therefore do not require a response. To the extent a response is required, Richmond is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

9. The allegations contained in Paragraph 9 under this heading are not directed at Richmond therefore do not require a response. To the extent a response is required, Richmond is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

10. The allegations contained in the first sentence of Paragraph 10 under this heading are not directed at Richmond and therefore do not require a response. To the extent a response to the first sentence is required, those allegations are denied. The remaining allegations in this Paragraph constitute legal arguments, legal conclusions, and a characterization of this action which also does not require a response. To the extent a response may be required, any allegations directed at Richmond are denied.

## **LIVE STREAMING EVIDENCE**

1. Richmond realleges and incorporates by reference all preceding paragraphs of this answer, as though expressly and fully set forth herein.                                                                           .

2. The allegations contained in Paragraph 1 under this heading are not directed at

Richmond therefore do not require a response. To the extent a response is required, Richmond is without sufficient knowledge or information to admit or deny the allegations and therefore denies the same.

3.  Paragraph 2 under this heading contains legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent a response may be required, any allegations directed at Richmond are denied.

4.  Paragraph 3 under this heading contains legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent a response may be required, any allegations directed at Richmond are denied.

5.  Paragraph 4 under this heading contains legal arguments, legal conclusions, and a characterization of this action to which no response is required. To the extent a response may be required, any allegations directed at Richmond are denied.

6.  The allegations contained in Paragraph 5 under this heading are not directed at Richmond therefore do not require a response. The remaining allegations in this Paragraph constitute legal arguments, legal conclusions, and a characterization of this action which also does not require a response. To the extent a response may be required, any allegations directed at Richmond are denied.

## **CLAIMS FOR RELIEF**

The Paragraphs under this heading re-articulate Plaintiff's purported legal authority and do not include any discernable allegations, thus no response is required. To the extent a response is required, Richmond denies Plaintiff is entitled to any relief against it.

**PRAYER FOR RELIEF**

The remaining Paragraphs of Plaintiff's Second Amended Complaint contain his prayer for relief, to which no response is required. To the extent a response is required, Richmond denies Plaintiff is entitled to any relief against it.

**RICHMOND'S AFFIRMATIVE DEFENSES**

All allegations not specifically admitted, denied, or modified, are hereby denied. For further and separate answer, Defendant Richmond alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Second Amended Complaint fails to state a claim or facts upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant Richmond and its employees acted lawfully, with due care and diligence, at all relevant times and did not violate any of Plaintiff's rights of any nature whatsoever.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims do not allege a wrongful act by an officer or employee of Richmond.

**FOURTH AFFIRMATIVE DEFENSE**

Any injury to Plaintiff, and any loss or other damages to Plaintiff, which Richmond at all times denies, were not proximately caused by any wrongful act or omission of any officer, agent, or employee of Richmond acting within the scope of his or her employment.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries or damages were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are officers, agents, or employees of Richmond for whom Richmond bears any liability.

**SIXTH AFFIRMATIVE DEFENSE**

If any damages were sustained or incurred by Plaintiff, which Richmond at all times denies, the same were caused or contributed to by the intervening or superseding acts or omissions of persons or parties other than Richmond, over whom Richmond has no control or right to control.

**SEVENTH AFFIRMATIVE DEFENSE**

If Plaintiff sustained any damage or loss, which Richmond at all times denies, the same was caused or contributed to by Plaintiff's failure to mitigate, thus barring or reducing the recovery against Richmond.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are subject to the limitations contained in any and all federal and/or state laws that may govern this action.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, and which Richmond expressly denies, are limited by any contractual condition or provision, adjustment, or specials amount(s) due to Medicare, Medicaid, or private insurance coverage.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff assumed the risk of injury, acted in direct and intentional violation of Arizona and/or federal laws, and acted intentionally and knowingly, jeopardizing his safety and well-being.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff intentionally participated in those actions which Plaintiff claims to have caused injury or damage. Since such participation was voluntary, Plaintiff's claims are invalid.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff is claiming a personal injury, Plaintiff or other persons or entities, may be solely or comparatively at fault thereby reducing or barring any recovery herein by way of comparative negligence pursuant to Ariz. Rev. Stat. § 12-2506.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Richmond reserves the right to assert additional affirmative defenses that may be determined through the discovery process.

**FOURTEENTH AFFIRMATIVE DEFENSE**

At no time was Richmond acting under "color of state law" and/or as a public/entity, which is a pre-requisite to most if not all of the claims asserted by Plaintiff.

**JURY DEMAND**

Richmond demands a trial by jury on all claims triable.

WHEREFORE, having fully answered the Complaint, the Defendant respectfully requests this Court to grant judgment in its favor and against Plaintiff, dismissing with

prejudice all causes of action in the Complaint asserted against Richmond, and for such other and further relief as the Court deems reasonable and just.

RESPECTFULLY SUBMITTED this 20th day of February, 2024.

> BURG SIMPSON
> ELDREDGE HERSH & JARDINE, P.C.
>
> By: /s/ *David K. TeSelle*
> David K. TeSelle
> Joshua B. Abromovitz
> 2390 E. Camelback Road, Suite 403,
> Phoenix, Arizona 85016-9225
> *Attorneys for The Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of February, 2024, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CMECF registrants:

Mark Wiliam Kelly
P.O. Box 1215
Vail, AZ 85641
mark@kmaes.com
*Pro Per*

/s/ *Laura M. Ramirez*