Mark W. Kelly
PO Box 1215
Vail, AZ, 85641
(520). 441-7705
mark@kmaes.com

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| MARK W. KELLY<br><br>Plaintiff,<br><br>V.<br><br>GINA LUMIA, GUY MARCHAL, ET AL.<br><br>Defendants | Case No.: 24-CV-00001-TUC-AMM<br><br>**MOTION TO DISQUALIFY JUDGE ANGELA M. MARTINEZ PURSUANT TO 28 U.S.C. § 455(a) & ARIZ. R. CIV. P. 42(f) DUE TO APPEARANCE OF BIAS AND IMPROPRIETY** |

**COMES NOW**, the Defendant, Mark William Kelly, and respectfully moves this Honorable Court to recuse Judge Angela Martinez from presiding over this case. This motion is made pursuant to **28 U.S.C. § 455** and **Arizona Rules of Civil Procedure, Rule 42(f)**, on the grounds of actual and perceived bias, appearance of impropriety, and potential undue influence resulting from extrajudicial knowledge of Mr. Kelly's public advocacy, online content, and connections involving individuals associated with the Court. In support of this motion, Mr. Kelly states the following:

**I. INTRODUCTION**

1. Judicial impartiality is a fundamental component of a fair trial and essential to maintaining public confidence in the judiciary.
2. The Plaintiff, through his YouTube channel, engages in public advocacy on issues of government accountability, transparency, and judicial conduct. The

1

channel has addressed controversial topics of public interest, including matters tangentially related to this case.

3. Concerns about Judge Angela Martinez's impartiality arise from her potential exposure to, or awareness of, this content, which includes interviews with prominent advocates such as **Lane Myers**, a constitutional advocate whose partner, **Katherine Henrich**, previously served as a law clerk for Judge Martinez.

4. Additionally, the Court's premature rulings referencing Mr. Kelly's YouTube content without allowing a response highlight procedural irregularities that further undermine confidence in judicial neutrality.

## II. LEGAL STANDARD

1. **28 U.S.C. § 455(a)** mandates a judge to disqualify herself in any proceeding where her impartiality might reasonably be questioned.

2. **28 U.S.C. § 455(b)(1)** requires disqualification where a judge has personal knowledge of disputed evidentiary facts or relationships creating the appearance of bias.

3. Arizona courts uphold that the **appearance of bias** alone is sufficient to warrant recusal, even in the absence of actual bias (**State v. Ellison, 213 Ariz. 116, 139 (2006)**).

4. Canon 2A of the **Arizona Code of Judicial Conduct** emphasizes the judiciary's responsibility to promote public confidence in its impartiality and integrity.

## III. GROUNDS FOR RECUSAL

### A. Plaintiffs's Public Advocacy and Online Content

1. Mr. Kelly's YouTube channel, which addresses governmental and judicial conduct, includes content critical of public officials and legal systems.

2. Judge Martinez's awareness of this content—or the possibility that she has viewed it—raises reasonable concerns about impartiality, as such exposure could consciously or subconsciously influence judicial decision-making.

3. The Court's premature reference to Defendant's YouTube video without affording

an opportunity to respond further exacerbates concerns of bias and procedural fairness.

**B. Connection to Lane Myers**

1. Lane Myers, a constitutional advocate, was featured on Mr Kelly's YouTube channel,
2. Plaintiff Mr. Kelly has personal knowledge of the courts awareness and familiarity with Lane Myers's online persona and advocacy.
3. This connection raises significant concerns about undue influence, perceived bias, and the appearance of impropriety in these proceedings.

**C. Premature Rulings and Procedural Irregularities**

1. The Court's ruling on December 5, 2024, referenced Plaintiff's YouTube video before Mr. Kelly had the opportunity to file a response, violating the response period under **Arizona Rule of Civil Procedure 7.1(a)(3)**.
2. This procedural oversight denied Mr Kelly the opportunity to address the video's irrelevance under **Arizona Rule of Evidence 401** and its prejudicial impact under **Rule 403**.
3. Such actions undermine Mr. Kelly's right to a fair trial and further justify recusal.

**D. Risk of Prejudgment and Chilling Effect on Speech**

1. Referencing Mr Kelly's YouTube video risks prejudging the Plaintiff based on extrajudicial content unrelated to the substantive issues of this case. Notably Mr. Kelly did not introduce his YouTube video into this case. Opposing counsel sought to introduce it, creating a further appearance of opposing counsel's motive to bias this Court against Mr. Kelly
2. The inclusion of this content has a chilling effect on constitutionally protected speech under the **First Amendment**, as recognized in **Hustler Magazine, Inc. v. Falwell, 485 U.S. 46 (1988)**.

**E. Appearance of Bias and Impropriety**

1. Even the appearance of bias arising from the Court's potential awareness and

knowledge of Mr. Kelly's and Mr. Myers's online advocacy warrants recusal under 28 U.S.C. § 455(1).

2. Public confidence in the judiciary is compromised when impartiality is reasonably questioned, necessitating reassignment to ensure fairness.

## IV. ARGUMENT

1. Judicial neutrality is paramount to maintaining the integrity of legal proceedings and protecting constitutional rights.
2. The facts and circumstances surrounding the introduction of Mr. Kelly's online persona and advocacy into these proceedings, as set forth herein, creates a reasonable perception of bias that undermines confidence in the fairness of this case.
3. Procedural irregularities, including premature rulings referencing extrajudicial content, further compromise the integrity of these proceedings.
4. A reasonable observer, fully informed of these facts, would question Judge Martinez's impartiality, making recusal necessary to preserve the integrity of the judiciary.

## V. RELIEF REQUESTED

**WHEREFORE,**

Plaintiff respectfully requests that this Court:

1. **Grant this Motion for Recusal**, disqualifying Judge Angela Martinez from presiding over this case;
2. **Vacate any prior rulings by Judge Angela Martinez**, as such references are irrelevant and prejudicial;
3. **Reassign this matter to another judge**, ensuring impartial adjudication; and Take any additional action necessary to preserve the integrity of these proceedings and protect Mr. Kelly's constitutional rights under the **First Amendment** and **Fourteenth Amendment.**

Respectfully submitted,

*/s/ Mark W. Kelly*

Mark W. Kelly

mark@kmaes.com

PO Box 1215, Vail, AZ, 85641

(520) 441-7705

Pro Se Plaintiff

**Submitted electronically to: Clerk of the Court This 9th day of December, 2024**

**Copy of documents emailed to the defendants this 9th day of December, 2024**

Christopher J. Feasel

Partner

Admitted in Arizona and California

Phone and Fax: (602) 456-6223

cfeasel@rlattorneys.com

Rebecca O'Brien

Supervising Attorney, Tort Unit

Pima County Attorney's Office, Civil Division

32 N. Stone #2100

Tucson, AZ  85701

(520) 724-5700

*Rebecca.OBrien@pcao.pima.gov*

David K. TeSelle

Joshua B. Abromovitz

BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C.

2390 E. Camelback Road, Suite 403,

Phoenix, AZ, 85016-9225

azcourt@burgsimpson.com