**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark William Kelly, | No. CV-24-00001-TUC-CKJ |
| Plaintiff, | **ORDER** |
| v. | |
| Pima County Sheriff's Department, et al., | |
| Defendants. | |

The Court assigns this case to the Detainee Track, LRCiv. 16.2(b)(2), because Plaintiff's Complaint includes an allegation that he was "arrested, i.e., detained at a facility," for allegedly violating a criminal law in connection with the allegations giving rise to the claims against Defendants, 28 U.S.C. § 1915A(c). Because he is not currently in custody, this proceeding is not exempt from initial disclosure requirements under Fed. R. Civ. P. 26(a)(1)(B)(iv). The following Scheduling Order, entered pursuant to Fed.R.Civ.P. 16 and LRCiv. 16.2(b)(2)(B)(ii), shall govern the course of this action:

**IT IS ORDERED** that the parties abide by the following case management schedule:

**A.** Joinder of additional parties or amendment of the pleadings shall be requested by **June 13, 2025.**

**B.** Counsel for Defendants may choose to depose Plaintiff, at Defendants' expense, on or before **July 14, 2025**.

**C.** Parties shall disclose a witness list on or before **August 13, 2025**. On or before that date, the parties are directed to exchange their complete list of witnesses.

**D.** All discovery, including depositions of parties (other than the plaintiff), witnesses and experts shall be completed by **September 15, 2025**. No discovery shall take place after that date without leave of Court upon good cause shown.

**E.** Dispositive motions shall be filed on or before **October 13, 2025**.

1. Pursuant to LRCiv 7.2 and LRCiv 56.1, parties may file a motion, response, and reply. No additional briefing on a motion is allowed unless leave of Court is granted. Failure to file a response may be deemed a consent to a granting of the motion. A response must be served and filed within fourteen days of service on the motion; the moving party has seven days from service to serve and file a reply. LRCiv 7.2. Rule 56 motions for summary judgment and Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction provide an exception to the above time limits: the time for a response is 30 days and the time for a reply is 15 days. LRCiv 56.1. Additional time may be permitted for service. See Fed. R. Civ. P. 6(d). Unless otherwise permitted by the Court, a motion or response, inclusive of supporting memorandum but exclusive of attachments and statement of facts, shall not exceed 17 pages; a reply shall not exceed 11 pages. LRCiv 7.2.

2. Any pleading which is submitted with more than one exhibit must be accompanied by a Table of Contents. The exhibits must be indexed with tabs that correspond to the Table of Contents. Absent exigent circumstances, the Court will not consider pleadings which do not conform to these requirements.

**F.** The parties are directed to submit separate Settlement Status Reports regarding the status of any settlement discussions by close of discovery. The reports shall contain no specific terms of settlement proposals. The reports shall be brief and shall not include any settlement details (i.e., one—two sentences).

**G.** The Joint Proposed Pretrial Order shall be filed within thirty (30) days after resolution of the dispositive motions filed after the end of discovery. If no such motions are filed, a Joint Proposed Pretrial Order will be due **October 13, 2025**. The content of the

proposed pretrial order shall include, but not be limited to, that prescribed in the **Form of Pretrial Order attached hereto**.

    1. Pursuant to Federal Rule 37(c), the Court will not allow the parties to offer any exhibits, witnesses or other information that were not previously disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure or not listed in the Proposed Pretrial Order, except for good cause.

    2. A jury demand has been made.

    3. The pretrial conference will be set upon receipt of the Joint Pretrial Order/Statement. The parties responsible for trial of the lawsuit shall appear and participate in the pretrial conference. At the pretrial conference, the Court will set the deadlines for filing and disposing of the following matters: proposed *voir dire*, jury instructions, trial memorandum, deposition testimony to be used at trial, and motions *in limine*.

**H.**    Motions for extensions of any of the deadlines set forth above shall be governed by Fed. R. Civ. P. 16, LRCiv 7.1, and LRCiv 7.3. A motion for continuance shall be filed prior to the expiration of the deadline. The schedule set forth in this Order may only be modified with leave of Court and upon a showing of good cause. See Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604 (9th Cir. 1992) (requiring a showing of good cause under Rule 16 to amend complaint beyond scheduling order deadline). Additionally, any motion for continuance of a discovery deadline, including a stipulation, shall set forth specifically what discovery has been conducted to date, the discovery to be completed, and the reasons why discovery has not been completed within the deadline.

This Order contemplates that each party will conduct discovery in such a manner to complete, within the deadline, any and all discovery. "Last minute or eleventh hour" discovery which results in insufficient time to undertake additional discovery, and which requires an extension of the discovery deadline will be met with disfavor, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

The parties should note that willful failure to comply with any of the terms of this Order, the Federal Rules of Civil Procedure or other applicable rules may result in dismissal of this action without further notice to Plaintiff, or sanctions upon Defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992). Plaintiff is cautioned to comply with all applicable rules of civil procedure; his pro se status will not excuse noncompliance. *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987).

Dated this 29th day of April, 2025.

Honorable Cindy K. Jorgenson
United States District Judge

|   |   |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 | IN THE UNITED STATES DISTRICT COURT |
| 7 | FOR THE DISTRICT OF ARIZONA |

```
                ,            )
                             )
       Plaintiff,            )
                             )   No. CIV       -TUC-CKJ
vs.                          )
                             )   PROPOSED SEPARATE/JOINT
       ,                     )   PRETRIAL STATEMENT/ORDER
                             )
       Defendant.            )
                             )
```

Pursuant to the Scheduling Order entered _____, 20__, following is the Proposed Final Pretrial Statement/Order to be considered at the pretrial conference.

**A.  COUNSEL FOR THE PARTIES**

Plaintiff(s):

Defendant(s):

**B.  STATEMENT OF JURISDICTION**

Cite the statute(s) that gives the Court jurisdiction, and whether jurisdiction is disputed.

(E.g.: Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. § 1332.  Jurisdiction is (not) disputed.)

**C.  NATURE OF ACTION**

Provide a concise statement of the type of case, the cause of the action, and the relief sought.

(E.g.: This is a products liability case wherein the plaintiff seeks damages for personal injuries sustained when he fell from the driver's seat of a forklift.  The

|   |   |   |
|---|---|---|
| 1 |   | plaintiff contends that the forklift was defectively designed and manufactured by |
| 2 |   | the defendant and that the defects were a producing cause of his injuries and |
| 3 |   | damages.) |
| 4 | **D.** | **CONTENTIONS OF THE PARTIES** |
| 5 |   | With respect to each count of the complaint, counterclaim or cross-claim, and to |
| 6 |   | any defense, affirmative defense, or the rebuttal of a presumption where the burden |
| 7 |   | of proof has shifted, the party having the burden of proof shall list the elements or |
| 8 |   | standards that must be proved in order for the party to prevail on that claim or |
| 9 |   | defense. |
| 10 |   | (E.g.:  In order to prevail on this products liability case, the plaintiff must prove the |
| 11 |   | following elements . . . ) |
| 12 |   | (E.g.:  In order to defeat this products liability claim based on the statute of repose, |
| 13 |   | the defendant must prove the following elements . . . ) |
| 14 | **E.** | **STIPULATIONS AND UNCONTESTED FACTS** |
| 15 | **F.** | **CONTESTED ISSUES OF FACT AND LAW** |
| 16 | **G.** | **LISTS OF WITNESSES** |
| 17 |   | A jointly prepared list of witnesses, identifying each as either plaintiff's or |
| 18 |   | defendant's and indicating whether a fact or expert witness, must accompany this |
| 19 |   | proposed order. |
| 20 |   | A brief statement as to the testimony of each expert witness must be included. |
| 21 | **H.** | **LIST OF EXHIBITS** |
| 22 |   | Each party must submit with this proposed order a list of numbered exhibits, with a |
| 23 |   | description of each containing sufficient information to identify the exhibit, and |
| 24 |   | indicating whether an objection to its admission is anticipated. |
| 25 |   | Exhibits should be marked according to instructions received from the court. |
| 26 | **I.** | **MOTIONS IN LIMINE** |
| 27 |   | Motions in limine shall be filed and served upon each party with this proposed |
| 28 |   | order.  Any opposition shall be filed and served within fourteen (14) days. |

1  **J.**  **LIST OF ANY PENDING MOTIONS**
2  **K.**  **PROBABLE LENGTH OF TRIAL**
3  **L.**  **FOR A BENCH TRIAL**
4  Proposed findings of fact and conclusions of law shall be served and filed on each
5  party with this proposed order.
6  **M.**  **FOR A JURY TRIAL**
7  Stipulated jury instructions shall be filed thirty (30) days before trial.  Instructions
8  which are not agreed upon, and a concise argument in support of the instruction,
9  shall be filed and served upon each party thirty (30) days before trial.  Objections
10  to the non-agreed upon instructions shall be filed and served upon each party
11  within fourteen (14) days.
12  **N.**  **CERTIFICATION**
13  The undersigned counsel for each of the parties in this action do hereby certify and
14  acknowledge the following:
15  1.  All discovery has been completed.
16  2.  The identity of each witness has been disclosed to opposing counsel.
17  3.  Each exhibit listed herein:  (a) is in existence; (b) is numbered, and: (c) has
18  been disclosed and shown to opposing counsel.
19  **O.**  **ADOPTION**
20  The Court may adopt this proposed Joint Pretrial Order at the Pre-Trial Conference
21  or subsequent hearing.
22  DATED this _____ day of _____, 20___.
23  APPROVED AS TO FORM AND CONTENT
24
25
   Attorney for Plaintiff                    Attorney for Defendant
26
27
28

- 3 -