Mark W. Kelly
PO Box 1215
Vail, AZ, 85641
(520). 441-7705
mark@kmaes.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Mark W. Kelly,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>Pima County Sheriff, ET AL.,<br><br>　　　　Defendants | CV-24-00001-TUC-CKJ<br><br>**PLAINTIFF'S MOTION TO RECLASSIFY COMPLAINT AS NON-PRISONER CIVIL RIGHTS ACTION AND TO MODIFY SCHEDULING ORDER** |

**PLAINTIFF'S MOTION TO RECLASSIFY COMPLAINT AS NON-PRISONER CIVIL RIGHTS ACTION AND TO MODIFY SCHEDULING ORDER**

**Nature of the Action**

Plaintiff Mark Kelly respectfully moves this Court to reclassify this action as a non-prisoner civil rights case and to modify its April 29, 2025 Scheduling Order, which was issued under the mistaken assumption that this matter falls within the scope of the "Detainee Track" under LRCiv 16.2(b)(2). At the time of filing, Mr. Kelly was not in custody, nor does this lawsuit involve conditions of confinement, habeas relief, or post-conviction incarceration. The Complaint asserts civil rights violations under 42 U.S.C. § 1983 stemming from a wrongful arrest and related misconduct by law enforcement, not prison-based grievances. Despite this, the Complaint was misclassified as a prisoner action, and the Court proceeded to bypass critical procedures mandated by Rules 26(f), 16(b)(1), and 15(a)(2), imposing unilateral deadlines and threatening sanctions based on

precedent inapplicable to this case. This motion seeks to correct the classification error, restore Mr. Kelly's procedural rights, and preserve a clean appellate record. Mr. Kelly further anticipates seeking leave to amend the complaint under Rule 15(a)(2) to add additional defendants, including **Pima County**, based on evidence expected to be produced in initial disclosures and discovery. These amendments would include claims arising under *Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978),* targeting unlawful customs, policies, and practices within the Pima County Sheriff's Department and the County's oversight mechanisms. Mr. Kelly intends to pursue these claims in a single, well-supported amended complaint once the institutional structure and responsible entities are properly corroborated, verified, and identified through discovery.

## I. The Complaint Was Misclassified as a "Prisoner" Case in Error

The current classification of this matter as a "Detainee Track" action under LRCiv 16.2(b)(2) is legally and factually incorrect. The complaint does not involve conditions of confinement. Mr. Kelly is not a detainee, was not in custody when the complaint was filed, and is not incarcerated. Mr. Kelly seeks redress under 42 U.S.C. § 1983 for unconstitutional arrest and related events, not for prison conditions, habeas relief, or prisoner treatment. The Detainee Track, as defined in LRCiv 16.2(b)(2), is meant for cases governed by 28 U.S.C. § 1915A, involving active prisoners or detainees. None of those apply to this case. This misclassification was not corrected by the Court, and its consequences have been substantial, allowing the Court to issue a scheduling order without following the required procedures under federal law.

## II. The Scheduling Order Violated Rules 26(f) and 16(b)(1)

Rule 26(f) requires parties to meet and confer early in the case and file a joint discovery plan. No such conference occurred. Rule 16(b)(1) states that a scheduling order may issue only after receiving the 26(f) report or after consulting with the parties. Neither occurred here. Despite this, the Court issued a binding Scheduling Order, setting deadlines for

discovery, amendment, dispositive motions, and trial preparation, without affording Mr. Kelly any procedural input. The order was grounded in the erroneous assumption that this case fell within the Detainee Track exception. It does not.

### III. The Misclassification Deprived Plaintiff of Procedural Rights and Invited Sanctions Without Cause

As a direct result of this improper designation:

- Mr. Kelly was denied his right to participate in Rule 26(f) planning;
- The Court imposed non-negotiated deadlines;
- The Court preemptively cited Ferdik v. Bonzelet to justify dismissal if Mr. Kelly does not comply with terms that were never discussed or agreed upon.

The use of Ferdik is particularly inappropriate. That case involved a plaintiff who ignored multiple warnings, disobeyed direct orders, and repeatedly filed noncompliant documents. Here, Mr. Kelly has complied with every requirement to date, was never warned, only consulted for format errors, and is merely seeking to correct a classification error and restore his rights under the Rules. Using Ferdik in this context is not management, it is intimidation. It shuts the door on flexibility and discourages a pro se litigant who's just trying to lawfully litigate his case.

### IV. Pro Se Civil Rights Plaintiffs Are Entitled to Procedural Fairness

The Ninth Circuit has repeatedly emphasized the importance of affording procedural leniency and fairness to pro se litigants, particularly those pursuing § 1983 civil rights claims. "This court recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Borzeka v. Heckler*, 739 F.2d 444, 447 n.2 (9th Cir. 1984)). Because Hebbe was an inmate proceeding pro se, the Ninth Circuit reaffirmed that his complaint must be construed with leniency: "Where the litigant is pro se, however, we have an obligation to

construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). This is consistent with the Supreme Court's statement that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

None of those principles were followed here. Mr. Kelly was labeled, managed, warned, and scheduled without ever being heard.

## V. Relief Requested

Mr. Kelly respectfully requests that the Court:

1. Reclassify this matter as a non-prisoner civil rights action, not subject to LRCiv 16.2(b)(2);
2. Vacate or modify the April 29, 2025 Scheduling Order in light of the above correction;
3. Set a deadline for a proper Rule 26(f) planning conference within 14 days;
4. Allow Mr. Kelly leave to file an amended complaint after the Rule 26(f) report is filed and following limited initial discovery, including disclosures necessary to identify additional parties, entities, and institutional actors responsible for the alleged violations, so that any amendment may be complete and filed only once more under Rule 15(a)(2).;
5. Set a Rule 16(b) scheduling conference, per standard procedure.

**Conclusion**

The procedural errors flowing from the Court's misclassification of this case are not harmless. They affect every subsequent step in litigation, from amendment to discovery to dispositive motion strategy. More importantly, they violate the basic procedural guarantees owed to all civil litigants, especially pro se plaintiffs asserting constitutional violations. Mr. Kelly respectfully asks this Court to correct the record, restore Rule-based

procedure, and allow this case to proceed without the misclassification causing an erroneous Detainee Track designation.

**DATED:** This 11th Day of May 2025

**Respectfully Submitted,**

**Mark W. Kelly**

mark@kmaes.com

PO Box 1215, Vail, AZ 85641

(520) 441-7705

*Pro Se Plaintiff*

**Submitted To:**

Clerk of the Court: This 11th day of May 2025

**Copy of documents emailed to:** Defendants this 11th day of May 2025:

Christopher J. Feasel

Partner

Admitted in Arizona and California

Phone and Fax: (602) 456-6223

cfeasel@rlattorneys.com

Rebecca O'Brien

Supervising Attorney, Tort Unit

Pima County Attorney's Office, Civil Division

32 N. Stone #2100

Tucson, AZ  85701

(520) 724-5700

Rebecca.OBrien@pcao.pima.gov

David K. TeSelle

Joshua B. Abromovitz

BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C.

2390 E. Camelback Road, Suite 403,

Phoenix, AZ, 85016-9225

azcourt@burgsimpson.com